**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Salvador J. Dihz and Eva Arroela, a married couple, and individually and for the wrongful death of their children, Jazmin, Belen, Giovany and Jose Jacobo Arreola and on behalf of Carla Dihz, a minor,<br><br>    Plaintiffs,<br><br>vs.<br><br>Luis Mansanares, Victoria Mansanares, et. al.,<br><br>    Defendants. | No. CV 06-1851-PHX-MHM<br><br>**ORDER** |

Presently pending before the Court are Defendants *pro se's* Motion to Certify Appealability Regarding 1-05-07 Order (Doc. 28); Defendants' Motion for Extension of Time to File a Motion for Reconsideration (Doc. 29); Plaintiffs' Motion to Strike and Opposition to Defendants' Second Motion for Extension of Time to File a Motion for Reconsideration (Doc. 32); and the Affidavit of Peter T. Limperis in Support of Plaintiffs' Fee Application (Doc. 23). The Court considers the relevant papers and issues the following Order.

Defendants have filed a Motion to Certify Appealability Regarding 1-05-07 Order. Defendants' Motion is unnecessary because the case before this Court has been remanded and

is now closed. Therefore, the Court denies as moot Defendants' Motion to Certify Appealability.

Defendants have filed a second Motion For Extension of Time to File a Motion for Reconsideration (Doc. 29). However, Defendants' cause for the request is unclear, despite the length of Defendants' thirteen-page Motion. Plaintiffs have filed a Motion to Strike and Opposition to Defendants' Second Motion for Extension to File a Motion for Reconsideration (Doc. 32). Plaintiffs note that since the Court's January 5, 2007 Order granting Defendants' first Motion for Extension of Time to File a Motion for Reconsideration, Defendants have filed a Motion to Certify Appealability (Doc. 28), which the Court denies as moot, a Second Motion for Extension of Time to File a Motion for Reconsideration (Doc. 29), a Notice of Appeal to the Ninth Circuit (Doc. 27), and an invalid subpoena upon the Liberty Elementary School District (Doc. 26), in which Defendants seek to obtain the decedent's school records. Plaintiffs contend that these filings should be stricken from the docket pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

Rule 12(f) provides that a court "may order stricken from any pleading . . . any redundant, immaterial, impertinent or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

Plaintiffs argue that the allegations and exhibits submitted most recently by Defendants are voluminous, redundant, immaterial, impertinent, scandalous and irrelevant to the claims against them or to any defense to those claims. Specifically, Plaintiffs request the Court strike Documents 24, 26, and 29 from the case. Document 24 is Defendants' first Motion for Extension of Time to File a Motion for Reconsideration, which the Court granted in its January 25, 2007 Order. Document 26 is a Certificate of Service of Subpoena upon Liberty Elementary School District No. 25. Document 29 is Defendants' Second Motion for Extension of Time to File a Motion for Reconsideration.

1  The Court previously granted Defendants' first Motion for Extension of Time to File
2  a Motion for Reconsideration. The Court finds that such an extension was warranted because
3  of the Defendants' *pro se* status. In contrast, however, the Court does not find that
4  Defendants' Certificate of Service of Subpoena upon Liberty Elementary School District No.
5  25, after the case was remanded; nor Defendants' Second Motion for Extension of Time to
6  File a Motion for Reconsideration with no good cause appearing are warranted. Therefore,
7  the Court grants in part and denies in part Plaintiffs' Motion to Strike by striking Defendants'
8  Certificate of Service of Subpoena upon Liberty Elementary School District No. 25, and
9  Defendants' Second Motion for Extension of Time to File a Motion for Reconsideration.

10  The Court's January 5, 2007 Order granted, *inter alia*, Plaintiffs' request for attorneys
11  fees and costs. Plaintiffs have since submitted an affidavit with a calculation of their fees and
12  costs. A court may grant attorneys' fees provided the accounting is reasonable. Kerr v.
13  Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975). In Plaintiffs counsel's affidavit,
14  counsel details the time spent and the work performed on the case from the time Defendants
15  removed the case to this Court until the case was remanded back to State Court. The Court
16  has reviewed the affidavit detailing the amount sought. In total, Plaintiffs seek an award of
17  $6,827.75 in fees and non-taxable expenses. Defendants have not filed an objection to the
18  reasonableness of the award sought. The Court finds that the amount requested by Plaintiff
19  to be reasonable. See Gates v. Rowland, 39 F.3d 1439, 1450-51 (9th Cir. 1994) (noting
20  defendants' failure to make specific objections to a request of attorney's fees.)

21  Further, pursuant to 28 U.S.C. § 1447(c), the Court again grants Plaintiffs' request for
22  an award of attorney's fees and costs incurred since the Court remanded the case. Despite
23  the Court's remand of the case to State Court, this Court will retain jurisdiction to determine
24  the appropriate additional fees and costs associated with Defendants' improper removal.
25  Plaintiffs shall file with this Court appropriate documentation regarding their additional
26  attorneys' fees and costs.

27
28  **Accordingly**,

**IT IS ORDERED** that Defendants' Motion to Certify Appealability (Doc. 28) is denied as moot.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike (Doc. 32) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Documents 26 and 29 shall be struck from the docket.

**IT IS FURTHER ORDERED** finding Plaintiffs' request of $6,827.75 reasonable and Ordering Defendant to pay that amount.

**IT IS FURTHER ORDERED** that Plaintiffs' request for further attorneys' fees and costs is granted. Plaintiffs shall file the appropriate documentation regarding attorneys' fees and costs within ten (10) days of the file date this Order.

DATED this 7th day of March, 2007.

_____
Mary H. Murguia
United States District Judge